UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 12-cv-01091-RPM

JEAN KATHLEEN PACHECO,

     Plaintiff,

 v.

BELGARDE PROPERTY SERVICES, INC.,
d/b/a/ Aurora Meadows Apartments,

     Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Plaintiff Jean Kathleen Pacheco and Defendant Belgarde Property Services, Inc. (collectively referred to as the "Parties" or each individually as a "Party") have stipulated to the terms of this Protective Order.

This Protective Order is designed to preserve the confidentiality of certain testimony given by witnesses in this case and certain information contained in documents produced pursuant to the terms of this Protective Order.  Documents deemed to be "confidential" shall be so designated in accordance with this Protective Order.  Similarly, all corresponding testimony given by witnesses will be so designated.

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties and pursuant to the Court's authority under the Federal Rules of Civil Procedure, STIPULATED AND ORDERED that:

1.     This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed or produced pursuant to the disclosure or discovery duties created by Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. Proc. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the privacy interests of Plaintiff or Defendant or third parties and/or information contained in confidential business records, personnel records, documents, materials and communications.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a)     attorneys who are actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

> > (c)     the Parties, including human resources and management
> >
> > employees employed by Defendant;
> >
> > (d)     expert witnesses and consultants retained in connection with
> >
> > this proceeding, to the extent such disclosure is necessary
> >
> > for preparation, trial or other proceedings;
> >
> > (e)     the Court in this case and its employees ("Court Personnel");
> >
> > (f)     stenographic reporters who are engaged in proceedings
> >
> > necessarily incident to the conduct of this case;
> >
> > (g)     deponents during their depositions; and
> >
> > (h)     other persons by written agreement of the Parties.

5.     Prior to disclosing any CONFIDENTIAL information to any person

listed above (other than counsel, persons employed by counsel, Court Personnel

and stenographic reporters), the disclosing Party shall provide such person with

a copy of this Protective Order and obtain from such person a written

acknowledgment stating that he or she has read this Protective Order and agrees

to be bound by its provisions.  Such written acknowledgment shall be in the form

as provided in **Exhibit A** to this Stipulated Protective Order, attached hereto and

incorporated herein.  All such acknowledgments shall be retained by counsel and

shall be subject to *in camera* review by the Court if good cause for review is

demonstrated by opposing counsel.

6.     Documents are designated as CONFIDENTIAL by placing or

affixing on them (in a manner that will not interfere with their legibility) the term

"CONFIDENTIAL" or by designating them as "CONFIDENTIAL" in

correspondence from counsel to the Party producing documents.  Defendant

may designate documents produced by Plaintiff as CONFIDENTIAL if they are

documents that were originally produced or created as records of Defendant.

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL

information, the deposition or portions thereof shall be designated as

CONFIDENTIAL and shall be subject to the provisions of this Protective Order.

Such designation shall be made on the record during the deposition whenever

possible, but a Party may designate portions of depositions as CONFIDENTIAL

after transcription, provided written notice of the designation is promptly given to

all counsel of record within thirty (30) days after notice by the court reporter of the

completion of the transcript.

8.      A Party may object to the designation of particular CONFIDENTIAL

information by giving written notice to the Party designating the disputed

information.  The written notice shall identify the information to which the

objection is made and the specific basis for such objection.  If the Parties cannot

resolve the objection within ten (10) business days after the time the notice is

received, it shall be the obligation of the Party objecting to the designation of

information as CONFIDENTIAL to file an appropriate motion requesting that the

Court determine whether the disputed information should be subject to the terms

of this Protective Order.  If such a motion is timely filed, the disputed information

shall be treated as CONFIDENTIAL under the terms of this Protective Order until

the Court rules on the motion.  If the objecting Party fails to file such a motion

within the prescribed time, the disputed information shall maintain its designation

as CONFIDENTIAL and shall thereafter continue to be treated as

CONFIDENTIAL in accordance with this Protective Order. In connection with a

motion filed under this provision, the Party designating the information as

CONFIDENTIAL shall bear the burden of establishing that good cause exists for

the disputed information to be treated as CONFIDENTIAL.

9.      In the event Confidential Information is used in any court filing or

proceeding in this action, including but not limited to its use at trial, it shall not

lose its confidential status as between the parties through such use. In order to

keep Confidential Information contained in documents filed with the court out of

the public record, the party seeking to restrict public access to Confidential

Information shall file a Motion to Restrict Access and shall comply with the

requirements of D.C.COLO.LCivR 7.2.

10.      At the conclusion of this case, unless other arrangements are

agreed upon, each document and all copies thereof which have been designated

as CONFIDENTIAL shall be returned to the Party that designated it

CONFIDENTIAL within forty-five (45) days of conclusion of the action, or the

Parties may elect to destroy CONFIDENTIAL documents; provided, however,

that counsel for each Party may retain one copy of the CONFIDENTIAL

documents for the sole purpose of maintaining a complete file, and all such

retained documents will not be released, disclosed, or utilized except upon

express permission of this Court after written notice to counsel for the Party that

produced the documents. Where the Parties agree to destroy CONFIDENTIAL

documents, the destroying Party shall provide all Parties with an affidavit

confirming the destruction within forty-five (45) days after conclusion of the

action.

11.    This Protective Order may be modified by the Court at any time for

good cause shown following notice to all Parties and an opportunity for them to

be heard.

Respectfully submitted this 9th day of October, 2012.

*Original signature on file at Law*                    *Original signature on file at Law*
*Office of Karen Larson*                               *Offices of Davis Graham & Stubbs*


*s/  Karen Larson*_____                    *s/  Sybil R. Kisken*_____
Karen Larson                                   Janet A. Savage
900 Logan Street                               Sybil R. Kisken
Denver, CO 80203                               DAVIS GRAHAM & STUBBS LLP
Telephone: (303) 831-4404                      1550 17th Street, Suite 500
FAX: 303-261-8109                              Denver, CO 80202
Email: kvirginia@aol.com                       Telephone: 303-892-9400
                                               FAX: 303-893-1379
*Attorney for Plaintiff*                        E-mail: Janet.Savage@dgslaw.com
                                               Sybil.Kisken@dgslaw.com

                                               *Attorneys for Defendant*


**IT IS SO ORDERED this 10th  day of October, 2012.**

                    **BY THE COURT:**

                    **s/Richard P. Matsch**

                    _____
                    **Richard P. Matsch, Senior District Judge**

6

## EXHIBIT A

## WRITTEN ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has carefully and completely read the Stipulated Protective Order in the pending litigation between Jean Kathleen Pacheco and Belgarde Property Services, Inc. that he/she is one of the persons contemplated in Paragraph 4 of the Stipulated Protective Order; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order.  The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order.


Date:  _____


_____
Signature


_____
Title or Position


_____
Printed Name